UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **RRENIS PETREY,** | **CIVIL ACTION NO. 5:22-cv-106-KKC** |
| **Plaintiff,** | |
| v. | **OPINION & ORDER** |
| **SCOTT COUNTY FISCAL COURT, et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendants' motion to dismiss pursuant to FRCP 12(b)(6). For the following reasons, the Court will GRANT the motion.

**I.**

Petrey's claims arise out of the Scott County, Kentucky Sheriff Department's search of his property and his subsequent arrest on January 27, 2012. (DE 1, Complaint, at 3-5). Petrey asserts that the search was unlawful for a myriad of reasons and alleges assault, wrongful arrest, intentional infliction of emotional distress, and other violations of his constitutional rights under 42 U.S.C. § 1983. (*Id.* at 5-9). As a result of the search and arrest, Petrey was charged with manufacturing methamphetamine, two counts of possession of a controlled substance, one count of marijuana possession, and five counts of felon in possession of a firearm. (*Id.* at 4-5). He was indicted on June 4, 2012 and pled not guilty. (*Id.* at 5).

On January 28, 2013, Petrey filed suit in Scott Circuit Court asserting the aforementioned claims. On February 8, 2013, the case was removed to the United States District Court for the Eastern District of Kentucky as *Petrey, et al. v. Scott County Fiscal Court, et al.*, 5:13-CV-00037-

GFVT. (*Petrey I*). On May 7, 2013, upon joint motion of the parties, the *Petrey I* court stayed the case pending the resolution of Petrey's criminal charges in state court. For over three years, the case remained on the court's docket with periodic status reports indicating that the state criminal charges were still unresolved. Eventually, the parties moved through discovery and the defendants moved for summary judgment in March of 2018. The court found that the disposition of that motion was dependent on the resolution of the state criminal charges and again stayed the matter in March of 2019.

On November 7, 2019, following a status conference, the *Petrey I* court stated that it was inclined to dismiss the case without prejudice because the parties could not illuminate the reasons for delay in the underlying state criminal matter. (DE 4, Ex. 5). The court ordered that Petrey show cause as to why the court should not dismiss the matter without prejudice. (*Id.*). On December 6, 2019, Petrey asked that if the court dismissed the case, that it would do so without prejudice. (DE 4, Ex. 6). Finally, on December 9, 2019, the court dismissed the matter without prejudice. (DE 4, Ex. 10).

On March 6, 2020, the state criminal charges underlying Petrey's civil claims were dismissed.[1] On October 6, 2020, Petrey moved the court to reopen his case pursuant to FRCP 60(b). (DE 4, Ex 11). The court denied Petrey's motion on April 12, 2022. It noted:

> The "strange delay" in the underlying criminal matter is not an exceptional circumstance. To address this delay, the Plaintiff could have asked the Court to continue its stay pending resolution of the criminal case. Instead, the Plaintiff "request[ed] . . . if the Court is inclined to dismiss the Plaintiff's case . . . the case be dismissed without prejudice." The Court had asked the Plaintiff to give a reason why the case should not have been dismissed without prejudice, and the Plaintiff did not raise any concerns with that approach. Further, the Court had previously asked the parties to address statute of limitations concerns. The Plaintiff did not address the statute of limitations at that time and did not raise it as a reason the Court should decline to dismiss the matter without prejudice. The Plaintiff cannot now represent

---

[1] Petrey asserts that his state criminal charges were not resolved until September 22, 2020, but he appears to have confused the charges related to this matter with different charges filed in Scott Circuit Court. The charges stemming from the June 4, 2012 indictment were dismissed on March 6, 2020. (DE 6, Ex. 3).

> that this Court's subsequent dismissal resulted from the Scott County Circuit Court's delay and was somehow out of his control.

(DE 4, Ex. 12) (citations to the record removed). The court declined to address any statute of limitations issues, stating it would consider those if and when Petrey refiled his claims as a new action. On April 27, 2022, Petrey filed the present action.

## II.

As with all 12(b)(6) motions, the Court will accept the well-pleaded facts in Petrey's complaint as true. *Fillinger v. Lerner Sampson & Rothfuss*, 624 F. App'x 338, 339 (6th Cir. 2015). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he complaint must contain factual allegations that speak to all of a claim's material elements under some viable legal theory. In short, a claim cannot survive a motion to dismiss if the plaintiff has not pleaded sufficiently plausible facts to support a viable legal theory with respect to all material elements of each claim. *Antony v. Buena Vista Books, Inc.*, No. CV 18-205-DLB-CJS, 2021 WL 8200714, at *2 (E.D. Ky. Sept. 29, 2021) (citing *Eidson v. State of Tenn. Dep't. of Child's. Serv's.*, 510 F.3d 631, 634 (6th Cir. 2007)) (quotations removed). Claims that are barred by the applicable statute of limitations are subject to dismissal under Rule 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519–20 (6th Cir. 2008).

## III.

Petrey brings this action under 42 U.S.C. § 1983 and alleges various violations of his Fourth and Fifth Amendment rights. He asserts claims of assault, failure to train, and wrongful arrest. Petrey also has claims for intentional infliction of emotional distress as well as violations of Articles 2 and 10 of the Kentucky Constitution pursuant to KRS 446.070. Defendants argue that all of Petrey's claims are barred by the applicable statutes of limitations. Alternatively, defendants

argue that his claims fail as a matter of law for various other reasons. The Court will first consider whether Petrey's claims are time-barred.

### A. Petrey's claims fall outside the applicable statutes of limitations

Defendants argue that all the claims in the present action were filed outside the applicable statutes of limitations. Under federal law, "the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). And under Kentucky law generally, "a cause of action accrues when a party has the right and capacity to sue[.]'" *Azmat as Next Friend of Azmat v. Bauer*, 588 S.W.3d 441, 448 (Ky. 2018) Thus, Petrey's limitations period began to run on January 27, 2012— the day of the allegedly unlawful search and seizure.

The statute of limitations on Petrey's § 1983 claims is one year. *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). Petrey's states law claims of assault and intentional infliction of emotional distress likewise carry one year statutes of limitations. KRS 413.140(1)(a); *Childers v. Geile*, 367 S.W.3d 576, 582 (Ky. 2012). Any state law claims arising under the Kentucky Constitution, if cognizable, would be subject to a five-year statute of limitations at the outer limits. *See* KRS 413.120. Because the events giving rise to Petrey's claims took place more than 10 years before he filed the present action, all of his claims—on their face—fall well outside the applicable statutes of limitations.

Petrey appears to concede this point as he makes no argument to the contrary. He does, however, rely on the somewhat unusual procedural history here to advance two main arguments for why the applicable statutes of limitations were tolled and thus his claims are timely—that his claims were either tolled by statute or through the doctrine of equitable tolling.

### B. The statutes of limitations on Petrey's claims were not tolled by statute

Petrey argues that KRS 413.270 gives a plaintiff ninety days after a judgment in which to either re-file or re-open a case. He says that he filed his motion to re-open *Petrey I* on October 6, 2020, within ninety days of the termination of his criminal charges in state court. Further, he filed the current action on April 27, 2022, within ninety days of the April 12 order denying his motion to re-open.

But KRS 413.270 is simply inapplicable to Petrey's case. That statute tolls the limitations period in certain situations and states, in relevant part, that "if an action is commenced in due time and in good faith in any court of this state . . . and *it is adjudged that the court has no jurisdiction of the action*, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court." KRS 413.270(1) (emphasis added). *Petrey I* was not dismissed for lack of jurisdiction. The district court dismissed *Petrey I* because Petrey offered no reason why it should not, and even assented to the dismissal. (DE 4, Exs. 6 & 11).

This is not the first time Petrey has tried to apply this savings statute to his situation. The *Petrey I* court specifically rebuffed Petrey's attempt to re-open his case pursuant to KRS 413.270. There, Petrey wanted to invoke KRS 413.270 to re-open his case within ninety days of the dismissal of the underlying state court criminal action. The court refused because KRS 413.270 requires a prior judgment based on jurisdictional grounds. Here, Petrey wants to invoke KRS 413.270 to commence a new action within ninety days of the *Petrey I* court denying his motion to re-open. This argument now fails for the same reasons it failed before. *Petrey I* was dismissed—for non-jurisdictional reasons—nearly two and a half years before Petry filed this present action.

Petrey cites a handful of cases to advance his savings statute argument—none of which apply to the present circumstances. First, Petrey cites *United States v. Buckler* for the proposition

that a plaintiff's time to re-file is tolled when the delay relates to a delay in criminal proceedings. No. 3:09-CR-00045-R, 2011 WL 1380235 (W.D. Ky. Apr. 12, 2011). But *Buckler* involved a statute of limitations for the government to initiate criminal actions for tax return fraud under 26 U.S.C. § 6531. The government argued that the statute of limitations was tolled by any time an individual spent resisting and attempting to quash an IRS summons. *Id.* at *2. The court agreed. Importantly, however, the court based that holding on a statutory provision, 26 U.S.C. § 7609(e)(1), which clearly and unambiguously tolls the limitations period in that scenario. *Id.* Petrey points to no comparable statute that could toll the statutes of limitations for his specific claims.

Next, Petrey cites *Hunter v. Rhino Shield* for the proposition that the Kentucky savings statute should allow a plaintiff to re-file following a voluntary dismissal. But *Hunter* involved the application of an Ohio savings statute that differed significantly from KRS 413.270. The *Hunter* court indeed held that "by its terms the Ohio Saving statute allows a plaintiff who voluntarily dismisses an action after the statute of limitations has run to refile the action within one year of dismissal." No. 2:18-CV-1097, 2019 WL 4712582, at *6 (S.D. Ohio Sept. 26, 2019). Unlike KRS 413.270, however, the Ohio savings statute did not explicitly limit tolling to scenarios where the dismissing court did not have jurisdiction. *See* Ohio Rev. Code § 2305.19(A). Petrey offers no Kentucky statute that allows a plaintiff one year to re-file a claim when a court dismisses their action without prejudice. Further, even if the Ohio savings statute had some applicability here, Petrey did not initiate this present action within one year of dismissal. *Petrey I* was dismissed in December of 2019 and Petrey filed this action in April of 2022.

Finally, Petrey cites the United States Supreme Court's decision in *Semtek International v. Lockheed Martin* for the general proposition that "the primary meaning of dismissal without

prejudice, is dismissal without barring the defendant from returning later, to the same Court, with the same underlying claim." 531 U.S. 497, 505 (2001). But there the Court was dealing with claim preclusion issues related to FCRP 41's "adjudication on the merits" language. Moreover, Petrey seemingly ignores the Court's discussion of dismissals without prejudice that continued beyond the cited passage. Just a few lines down, the Court notes that black letter law "defines 'dismissal without prejudice' as '[a] dismissal that does not bar the plaintiff from refiling the lawsuit *within the applicable limitations period* . . . .'" *Id.* at 505-06. (emphasis added). Accordingly, *Semtek* does nothing to advance Petrey's argument that Kentucky statute tolls his various claims.

### C. The doctrine of equitable tolling does not save Petrey's claims

In lieu of any applicable tolling statute, Petrey suggests that the doctrine of equitable tolling applies to his claims because defendants have been on notice of his claims for nearly ten years and the delay in his case occurred through no fault of his own. The Court finds this argument unpersuasive.

In general, "equitable tolling is available when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014)). The party asserting equitable tolling has the burden of establishing his entitlement to it. *Jackson*, 751 F.3d at 718-719. Equitable tolling relief should be granted "only sparingly." *Amini v. Oberlin Coll.*, 259 F.3d 493, 497 (6th Cir. 2001).

Courts often look to the following factors when determining whether equitable tolling is appropriate: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for

filing his claim. *Martin v. Ford Motor Co.*, No. 21-6089, 2022 WL 17076782, at *1 (6th Cir. Aug. 23, 2022) (citing *Amini*, 259 F.3d at 500). A court need not strictly adhere to a five-factor test, however, as these factors are neither comprehensive nor material in all cases. *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000). Ultimately, whether "a litigant's failure to meet a legally-mandated deadline is due to 'unavoidab[le] ... circumstances beyond that litigant's control' is often the most significant consideration in courts' analyses." *Zappone*, 870 F.3d at 556 (citations removed).

Here, Petrey only really argues that extraordinary circumstances beyond his control prevented him from bringing the present action in a timely manner. He does not argue that he lacked notice of the applicable statutes of limitations for his various claims, nor that it was reasonable to misconstrue the legal requirements for bringing his action in a timely manner. Obviously allowing Petrey's present claims to progress outside the statute of limitations would severely prejudice the defendants, as the events underlying this action occurred over a decade ago and defendants have been, in some manner, litigating these claims for as long.

The questions of whether Petrey was diligent in pursuing his claims and whether his failure to timely file this action was due to circumstances outside his control are intertwined. The Court finds that Petrey was not hampered by extraordinary circumstances. While the delay in his underlying criminal case moving through state court may have been outside his control, Petrey assented to dismissal without prejudice in *Petrey I*. Nothing extraordinary prevented Petrey from objecting to that dismissal and presenting arguments as to why it could prevent him from re-filing due to statute of limitations issues. In fact, as the *Petrey I* court noted when it declined to re-open Petrey's case pursuant to FRCP 60(b), "Plaintiff could have asked the Court to continue its stay pending resolution of the criminal case." (DE 4, Ex. 12). Further, the *Petrey I* court specifically

asked Petrey to show cause as to why the matter should not be dismissed and to address statute of limitations concerns. Petrey did neither. As was true then, Petrey cannot now argue that the events of the litigation were "somehow out of his control." (*Id.*).

### IV

Because Petrey's claims are time-barred the Court will go no further in its analysis. Accordingly, the Court hereby ORDERS that the defendants' motion to dismiss pursuant to FRCP 12(b)(6) (DE 4) is GRANTED and Petrey's claims are dismissed with prejudice.

This 28th day of February, 2023.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY